**D. M. MAXWELL, Jr.,**
**Plaintiff-Appellant,**

v.

**The FIRST NATIONAL BANK OF MONROEVILLE, Monroe County Bank, and Joe Watley, as President of the First National Bank of Monroeville, Defendants-Appellees.**

**No. 79–3536.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 26, 1981.

Hand, Arendall, Bedsole, Greaves & Johnston, Kathy M. Dunston and W. Ramsey McKinney, Jr., Mobile, Ala., for plaintiff-appellant.

John D. Johns, William A. Robinson, Larry B. Childs, Birmingham, Ala., for defendants-appellees.

Before MORGAN, FAY and FRANK M. JOHNSON, Jr., Circuit Judges.

FAY, Circuit Judge:

In this appeal we are first required to determine whether the district court properly denied remand to the state court of a case removed under federal question jurisdiction. We hold that the district court erred in not remanding and thus, because the federal courts lack jurisdiction, we do not reach the merits of appellant's claim that the district court erred in holding that Alabama Code § 5-5-17 (1975) does not prohibit a state bank from owning more than 10% of the outstanding shares of a federal bank. We likewise do not reach appellant's claim that the doctrines of waiver and laches do not bar his relief.

The facts of this appeal are taken from the stipulation of the parties. D. M. Maxwell, Jr., plaintiff-appellant, is a shareholder of record, director, and retired president of appellee, First National Bank of Monroeville (FNB), a national banking association existing under the laws of the United States. Appellant Maxwell owns 200 of FNB's 1000 outstanding shares. Appellee Monroe County Bank (MCB) is an Alabama banking corporation organized under the laws of the State of Alabama. Since 1948, MCB has been shareholder of record of at least 50.4% of the capital stock of FNB.

In 1978, notice was given to shareholders, of FNB and MCB of proposed consolidation of the two banks. MCB voted its FNB stock in favor of consolidation, and Maxwell voted his FNB stock against consolidation. On October 20, 1978, the Comptroller of

Currency approved the proposed consolidation.[1]

On December 18, 1978, Maxwell brought suit against MCB and the Comptroller of the Currency in the Circuit Court of Monroe County, Alabama, challenging the proposed consolidation. The suit was removed to federal court and dismissed, and the consolidation was not consummated. *See Maxwell v. Monroe County Bank and Comptroller of the Currency of the United States,* Civil Action 79–0023–H (dismissed Feb. 28, 1979).

On February 14, 1979, FNB declared a special dividend in the amount of $200 per share. The dividend was declared and paid according to customary procedures followed by FNB. Maxwell filed this lawsuit in the Circuit Court of Monroe County the day following the declaration of the dividend, challenging it as a violation of Code of Alabama § 5–5–17 (1975) which prohibits a state bank from owning more than 10% of the capital stock of another bank.[2]

The case was removed to the United States District Court for the Southern District of Alabama. Maxwell's motion to remand to the state court on the ground that the complaint raised no federal question was denied. The case proceeded on stipulated facts to judgment for appellees. The trial court held that the dividend paid by

FNB was lawfully paid to MCB and that MCB, as lawful owner of 504 shares of the capital stock of FNB, is entitled to exercise all rights and privileges incident to such ownership. The trial judge concluded that because he had actual and record knowledge for over thirty years of essentially the same acts about which he complained, Maxwell's delay in challenging the legality of FNB's ownership was unreasonable and the defense of laches was properly invoked.

The complaint in this action discloses a state law claim. Maxwell alleged in the complaint that he owns approximately 200 shares of 1000 shares outstanding in FNB and that MCB owns 504 shares. He alleged that the laws of Alabama prohibit MCB from owning the shares and that ownership and exercise of the incidents of ownership is thus unlawful. Maxwell sought a declaration that MCB's ownership of FNB stock was unlawful, that MCB was not entitled to the incidents of ownership, including receipt of dividends, and urged the court to enjoin FNB from paying the dividend to MCB. He requested that in the event the dividends were paid, FNB be awarded a judgment against MCB in the amount of such dividend.

It is appellees' position that the complaint seeks to enforce no right of Maxwell, either

---

1. Maxwell lodged a protest with the Comptroller and a hearing was held. The Deputy Comptroller ruled that there were sufficient measures to protect the exchange rate of Maxwell's stock and that the anticompetitive effect of the merger was not significant. He noted, however, that the relationship between FNB and MCB would appear *to be* a violation of Code of Alabama § 5–5–17. The opinion noted: "It is well worth stating that this Office is firmly of the opinion that absent the long-term relationship existent between FNB and MCB, the Office would not look favorably upon the combination of FNB and MCB with the resultant high level of concentration of banking resources into one institution." R. 85.

2. Code of Alabama:
   § **5–5–17. Loans secured by own stock; purchase of own stock; ownership of capital stock of other banks.**
   No bank shall make a loan taking its own stock as security therefor or directly or indirectly purchase shares of its own stock, except in pursuance of provisions of law for reducing its capital stock. No bank shall

subscribe for or own more than 10 percent of the capital stock of any other bank or invest or have invested an amount exceeding in the aggregate 25 percent of its own paid-in capital stock in the capital stock of any other bank or banks. Any bank acquiring capital stock in any other bank in the usual course of business in payment of an indebtedness owing to it must sell such portion of said stock as is in excess of the amount which it is permitted to hold and own as provided in this section within one year from the time the same *is acquired.* Any bank failing *to sell* any such excess stock within the time directed in this section shall forfeit to the state an amount equal to the face value of such excess stock held by it, which sum the superintendent of banks shall sue to recover in the name of the state in any court having jurisdiction, and the amount recovered shall be paid into the state treasury. (Acts 1911, No. 84, p. 50; Code 1923, § 6355; Code 1940, T. 5, § 83.)

state or federally created. Rather, appellees argue, the complaint seeks a determination that rights of appellees *do not* exist. On oral argument, counsel for appellees conceded that it is not the mere status of FNB as a national bank which invokes federal jurisdiction. The argument was that any effort to secure an injunction which would affect the actions of a federal bank would trigger federal jurisdiction.

We think this view is much too broad. The logical extension of appellee's argument is that whenever a dispute arises over ownership of stock in a national bank, federal jurisdiction would obtain, even if the ownership dispute could be resolved under state law, for example by construction of a will or contract. In such a case, one party would be seeking to stay action of the national bank until the underlying dispute was resolved.

■ Because federal courts are courts of limited jurisdiction, we must scrupulously confine the use of our power to those cases arising under the jurisdiction conferred upon us by Congress and permitted under the Constitution. *In re Carter*, 618 F.2d 1093, 1098 (5th Cir. 1980). Where there is no diversity among the parties, a case can only be removed to federal court where it arises under the Constitution, treaties, or laws of the United States and where the federal district court would have had original jurisdiction.[3]

■ We have held that for a case to "arise under" federal law, a right or immunity created by that law must be an essential element of the plaintiff's claim. The federal right or immunity that forms the basis of the claim must be such that it will be supported if the federal law is given one construction or effect and defeated if it is given another. *In re Carter*, 618 F.2d 1093, 1100 (5th Cir. 1980), *citing Gully v. First National Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). In order to determine whether the claim arises under the Constitution or laws of the United States, we must look to the plaintiff's complaint unaided by anticipated defenses and with due regard to the real nature of the claim. *Gully, supra* at 113, 57 S.Ct. at 98, 81 L.Ed. at 72; *Louisville and Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894); *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976).

■ We recognize that this case presents a close question for removal, but we interpret the claim as one challenging ownership solely under state law rather than one calling for interference in the operations of a national bank.[4] A case involving the latter might be more likely to "arise under" the laws of the United States.[5] Finding the interpretation of state law to be the basis of this claim, and having total confidence in the ability of the Alabama State Courts to interpret acts of the legislature of that state, we reverse the

---

**3.** 28 U.S.C. § 1441 reads, in pertinent part:
Actions removable generally
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served

as defendants is a citizen of the State in which such action is brought.

**4.** Our interpretation would have been aided by the presence in the record of appellees' response to appellant's brief in support of motion to remand or of an explanation of the trial judge's ruling on jurisdiction in the Findings of Fact and Conclusions of Law.

**5.** National banks are, however, subject to state law to the extent such law does not conflict with the laws of the United States. *Lewis v. Fidelity & Deposit Co.*, 292 U.S. 559, 54 S.Ct. 848, 78 L.Ed. 1425 (1933); *First National Bank v. Missouri*, 263 U.S. 640, 44 S.Ct. 213, 68 L.Ed. 486 (1923).

district court's order denying remand, vacate its judgment, and order remand to the state court.