**Joyce Katz KALODNER**

v.

**BOARD OF EDUCATION OF the SCHOOL DISTRICT OF PHILADELPHIA.**

**Edward Samuel RAMOV**

v.

**BOARD OF EDUCATION OF the SCHOOL DISTRICT OF PHILADELPHIA.**

**Civ. A. Nos. 80–1669, 81–5132.**

United States District Court, E.D. Pennsylvania.

Feb. 23, 1983.

Manuel Grife, Philadelphia, Pa., for Kalodner and Ramov.

Andrew M. Rosen, Philadelphia, Pa., for defendant.

### MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Subject cases are related and are before the Court at this time on cross-motions for

summary judgment. In one case the plaintiff is Edward S. Ramov (Ramov) and in the other case plaintiff is Joyce Katz Kalodner (Kalodner). Both plaintiffs are white school teachers in the Philadelphia public school system, who alleged that their constitutional and statutory rights were violated by involuntary transfers based on the District's use of a 75%/125% racial quota for the purpose of remedying a racial imbalance in the faculty. The defendant in both cases is the Board of Education of Philadelphia (Board). The Board contends that the actions filed by the plaintiffs pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging discrimination in the forced transfers of school teachers within the District, are barred by a judgment entered on January 17, 1983 in a class action. *Kromnick v. School District of Philadelphia and Board of Education of the School District of Philadelphia,* 555 F.Supp. 249 (E.D.Pa.1983).

This Court has found that the plaintiffs were members of the class in *Kromnick* which class sought relief on issues identical to those set forth in the complaints filed by Ramov and Kalodner. The Court has determined for the reasons set forth hereinafter that the plaintiffs are barred by the principles of *res judicata* from litigating these same issues and will grant summary judgment for the defendant.

Plaintiff Kalodner filed an action against the Board in August 1980. Plaintiff Ramov's action against the Board was filed in December 1981. Both plaintiffs alleged that the Board's actions in transferring each of them to achieve racial integration of its faculties, at the insistence of the Office of Civil Rights, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiffs sought an injunction to prevent future forced transfers of the teachers based upon race, reinstatement to the schools which they taught in before the racial balance plan went into effect, and attorney's fees. Since December 1981, a class action has been pending against the Board and the District, alleging that the 75%/125% quota system used by the District to maintain racial balance in the faculties of the schools within the District violated the Equal Protection Clause of the Fourteenth Amendment and Title VII. The named plaintiffs in the class action are likewise four white teachers within the Philadelphia school district who also requested both declaratory and injunctive relief. *Kromnick,* at 251–252.

On January 17, 1983, while plaintiff Kalodner's and plaintiff Ramov's actions were pending before this Court, my learned colleague, Judge Bechtle, rendered a judgment in the *Kromnick* case. On March 23, 1982, the Court in *Kromnick* certified plaintiffs' claim as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class certification reads:

> All teachers employed by the defendants who have since August 1, 1978 been involuntarily transfered [sic] because of their race due to defendants maintenance of a racial quota system; all teachers employed by the defendants who, upon being involuntarily transfered [sic] since August 1, 1978 have been prevented from exercising seniority rights in selecting new schools because of the quota system; and all teachers who will in the future be involuntarily transfered [sic] or who will be prevented from exercising seniority rights in selecting new schools because of the quota system.

*Kromnick,* at 250, n. 1. In the *Kromnick* opinion, Judge Bechtle determined the merits of the employment discrimination claims asserted against the Board and the District. He ruled that "[t]he District's use of the 75%/125% quota as applied to involuntary transfers of school teachers from August, 1978 to June, 1982 to remedy racial imbalance in District school faculties did not violate the Equal Protection Clause of the Fourteenth Amendment or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*" *Kromnick,* at 256. He ruled, however, that "[t]he District's use of the 75%/125% quota as applied to involuntary transfers of school teachers from August, 1982 to the present day to maintain racial balance in District school faculties without resort to non discriminatory alternatives vi-

olates the plaintiffs' rights under the Equal Protection Clause ... and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq." *Kromnick,* at 256. This later ruling which concerns the post-August 1982 time period was not pleaded as an issue by Ramov and Kalodner in that neither of these plaintiffs complains about the involuntary transfers that occurred after August 1982.

The Court has determined that the Kalodner and Ramov suits are barred by the holding in the *Kromnick* class action in which the Court ruled that the involuntary transfer of faculty members in the District between August 1978 and June 1982 to remedy racial imbalance in the District's school faculties did not violate the Equal Protection Clause of the Fourteenth Amendment or Title VII. A judgment entered in a properly certified class action binds a class member even though the member had filed a claim or instituted an individual action before the decision in the class action. *Penson v. Terminal Transport Co.,* 634 F.2d 989, 996 (5th Cir.1981). The time sequence of filing the individual lawsuits and the class action is irrelevant to the operation of *res judicata. Penson,* 634 F.2d at 996. For a prior class action judgment to bar an action on the basis of *res judicata,* the parties must be identical in both suits; the prior judgment must have been rendered by a court of competent jurisdiction; there must have been a final judgment on the merits and the same cause of action must be presented in both cases. *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 578–79, 94 S.Ct. 806, 811–12, 39 L.Ed.2d 9 (1974); *EEOC v. Children's Hospital Medical Center of Northern California,* 695 F.2d 412, 416–17 (9th Cir.1982); *Ray v. Tennessee Valley Authority,* 677 F.2d 818, 821 (11th Cir.1982); *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5th Cir.1979); *Stevenson v. International Paper Co., Mobile, Alabama,* 516 F.2d 103, 108–09 (5th Cir.1975); *Borough of Lansdale v. Philadelphia Electric Co.,* 517 F.Supp. 218, 222 (E.D.Pa.1981). It is on the basis of these principles that the Court must test the effect of the prior class action decision on the issues that Kalodner and Ramov seek to litigate in this case.

In the present case, it is clear that Kalodner and Ramov are members of the *Kromnick* class and are bound by the judgment in that case. A final judgment was entered by a court of competent jurisdiction in the *Kromnick* class action against the Board and the District. *See Kromnick,* at 256. Furthermore, plaintiffs Ramov and Kalodner were members of the class on whose behalf the action in *Kromnick* was filed. The *Kromnick* class action against the Board and the District explicitly applied to "[a]ll teachers employed by the defendant who have since August 1, 1978 been involuntarily transfered [sic] because of their race due to defendants maintenance of a racial quota system." At 250, n. 1. Plaintiffs Ramov and Kalodner in their action against the Board are complaining about transfers to achieve racial balance in the District's faculties which occurred between August 1, 1978 and December 1981. The final prong of the test is whether the cause of actions in these two cases are identical to that which was litigated in *Kromnick.* The Court has concluded that the causes of action are identical. In these two cases, as in the *Kromnick* class action, the parties challenged the validity of the Board's actions in transferring white school teachers to achieve racial integration of the District's faculties during the period following August 1978. Specifically, Ramov and Kalodner have challenged the validity of their involuntary transfers on the basis of race during the time period from August 1978 until December 1981. In the *Kromnick* case, Judge Bechtle decided this issue for a class which included the plaintiffs, and ruled that the involuntary racial transfers during the same period to remedy the racial imbalance in the District school faculties did not violate the Equal Protection Clause of the Fourteenth Amendment or Title VII. Thus, there is a prior judgment which encompasses the identical claims of Ramov and Kalodner. Therefore, applying the above discussed standards for the applicability of *res judicata,* the *Kromnick* class action judgment binds Ramov and Kalodner.

The constitutional requirement of due process mandates that absent class members are not bound by a judgment in a class action unless the class provided fair and adequate representation. *Hansberry v. Lee,* 311 U.S. 32, 42–43, 61 S.Ct. 115, 118, 85 L.Ed. 22 (1940); *Dosier v. Miami Valley Broadcasting Corp.,* 656 F.2d 1295, 1299 (9th Cir.1981); *Nathan v. Rowan,* 651 F.2d 1223, 1227–28 (6th Cir.1981); *Kemp v. Birmingham News,* 608 F.2d at 1054; *Expert Electric, Inc. v. Levine,* 554 F.2d 1227, 1233 (2d Cir.), *cert. denied,* 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977); *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 256–57 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). There has been no contention, however, nor even an intimation, that Ramov and Kalodner were inadequately represented in the *Kromnick* class action. At the summary judgment hearing they took quite the opposite position, admitting that they were bound by the Court's judgment in the *Kromnick* class action.

Although this Court will enter summary judgment for the defendants on the basis of the *res judicata* application of *Kromnick* to these two cases, the Court does not hesitate to point out that in its opinion the reassignment of teachers in the District on the basis of race to enhance the educational opportunities available to students by racially integrating teaching staffs throughout the District was not violative of plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment or of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The Supreme Court, in *United States v. Montgomery County Board of Education,* 395 U.S. 225, 232, 89 S.Ct. 1670, 1674, 23 L.Ed.2d 263 (1969), acknowledged that teachers may be assigned to schools on the basis of race to achieve faculty desegregation. Moreover, that Court has emphasized that plans to reassign faculty on the basis of race play an important role in the overall plans to eliminate dual or segregated school systems. *Columbus Board of Education v. Penick,* 443 U.S. 449, 460, 99 S.Ct. 2941, 2948, 61 L.Ed.2d 666 (1979); *Dayton Board of Education v. Brinkman,* 443 U.S. 526, 536, n. 9, 99 S.Ct. 2971, 2978 n. 9, 61 L.Ed.2d 720 (1979). In *Columbus,* the Supreme Court quoted with approval language from the circuit court opinion that the practice of assigning black teachers to schools which were made up of largely black student bodies "deprive[s] black students of opportunities for contact with and learning from white teachers, and conversely ... deprive[s] white students of similar opportunities to meet, know and learn from black teachers." 443 U.S. at 466–67, 99 S.Ct. at 2951 (quoting *Penick v. Columbus Board of Education,* 583 F.2d 787, 814 (6th Cir.1978)). The Supreme Court has approved affirmative action plans in other areas. *See United Steelworkers v. Weber,* 443 U.S. 193, 197, 99 S.Ct. 2721, 2724, 61 L.Ed.2d 480 (1979) (title VII does not prohibit an employer and a union from agreeing upon an affirmative action plan to remedy racial imbalance in the work force); *McDaniel v. Barresi,* 402 U.S. 39, 40–42, 91 S.Ct. 1287, 1288–89, 28 L.Ed.2d 582 (1971) (school board plan to desegregate public schools does not violate the Equal Protection Clause of the Fourteenth Amendment and is not barred by Title IV of the Civil Rights Act of 1964).

As heretofore pointed out, plaintiffs Ramov and Kalodner in this case complain about their transfers to achieve racial balance during the period between August 1, 1978 and December 1981 and it is this Court's opinion that for the reasons previously stated such transfers for the purpose of racially integrating the teaching staff throughout the District did not violate the plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment or Title VII. This is the same conclusion reached by Judge Bechtle in the *Kromnick* case. However, in view of the fact that neither Kalodner nor Ramov complain about transfers from August 1982 to the present date, the Court expresses no opinion concerning the constitutionality of transfers after August 1982.

Accordingly, defendant's motion for summary judgment is granted.