103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America ex rel. Charlie J. HILL, Plaintiff-Appellant,
v.
TELEDYNE, INC., Teledyne Industries, Inc., Teledyne Relays
Division, Teledyne Solid State Division; Hall & Phillips,
Phillips, Cohen & Goldstein, Hall & Associates, John R.
Phillips, Carlyle W. Hall; Ann Carlson, Defendants-Appellees.
 No. 95-55866.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 18, 1996.
 
 1
 Before: BROWNING, THOMPSON and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Charlie J. Hill and appellees John R. Phillips, Carlyle W. Hall, Ann Carlson, Hall & Phillips, Phillips, Cohen & Goldstein, and Hall & Associates appeal the district court's sua sponte dismissal for lack of subject matter jurisdiction of Hill's state law claim against the Attorneys for breach of fiduciary duty pendent to his False Claims Act ("FCA") claims against his former employer. We affirm.
 
 
 4
 We review the existence of subject matter jurisdiction in the district court de novo. Hoeck v. City of Portland, 57 F.3d 781, 784 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 910, 133 L.Ed.2d 842 (1996). A district court has jurisdiction to adjudicate a pendent state law claim if there is a substantial federal claim so related to it that they form part of the same case or controversy or arise out of a common nucleus of operative fact. 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Further, "a plaintiff's claims [must also be] such that he would ordinarily be expected to try them all in one judicial proceeding." Id.
 
 
 5
 Hill's breach of fiduciary duty claim does not arise out of a common nucleus of operative facts with his FCA claims. In order to sustain his claim for breach of fiduciary duty, Hill must prove: (1) the existence of a fiduciary relationship; (2) breach of the fiduciary relationship; and (3) damage proximately caused by that breach. Pierce v. Lyman, 1 Cal.App.4th 1093, 1101, 3 Cal.Rptr.2d 236, 240 (1991). For his FCA and FCA employment retaliation claims, Hill must prove: (1) that Teledyne knowingly presented claims to the government that were either fraudulent or simply false, United States ex rel. Hopper v. Anton, 91 F.3d 1261, 1266 (9th Cir.1996); and (2) that he was engaged in conduct protected under the FCA, that Teledyne knew he was engaged in such conduct, and that Teledyne discriminated against him for that conduct, id. at 1269. The district court correctly determined there is no evidentiary overlap whatsoever between these claims, properly found they do not derive from a common nucleus of operative facts, and rightly held it lacked supplemental jurisdiction to hear the state law breach of fiduciary duty claim. See Ray v. Tennessee Valley Authority, 677 F.2d 818, 826 (11th Cir.1982), cert. denied, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983) (no supplemental jurisdiction to hear legal malpractice claim arising out of prosecution of the federal claim at issue).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3