COMMONWEALTH OF PENNSYLVANIA and Raymond Williams et al.

v.

LOCAL UNION 542, INTERNATIONAL UNION OF OPERATING ENGINEERS et al., etc.

Civ. A. No. 71-2698.

United States District Court, E. D. Pennsylvania.

Oct. 6, 1976.

Harold I. Goodman, Community Legal Services, Robert Reinstein, Temple Univ. School of Law, M. Faith Angell, Margaret Anderson, Com. of Pa., Dept. of Justice, Philadelphia, Pa., for plaintiffs.

Abraham E. Freedman, Philadelphia, Pa., John J. McAleese, Cunniff, Bray & McAleese, Plymouth Meeting, Pa., James A. McGoldrick, Springfield, Pa., for defendants.

## OPINION

HIGGINBOTHAM, District Judge.

On the afternoon of Tuesday, September 28, 1976, I found Abraham E. Freedman, Esquire, counsel for one of the defendants, guilty of criminal contempt committed in the actual presence of the court and thus in violation of Rule 42(a) of the Federal Rules of Criminal Procedure.

Though sentenced for thirty days he was granted the right "to be on his own recognizance to challenge the validity of this order". An appeal from the contempt sentence has been filed with the Court of Appeals for the Third Circuit, and now Local Union 542, for which Mr. Freedman is counsel, has filed a Motion for Stay of Proceedings of this civil action until such time as the Court of Appeals decides the validity of the criminal contempt order and sentence. The Motion for Stay of Proceedings is DENIED.

Trial in this case started on January 19, 1976. It has been estimated that the trial will take an additional two to five months for completion.

The basis for Local 542's request for the stay is:

It would be detrimental to the rights and interests of Mr. Freedman's clients in this matter that he proceed with the instant trial while under the shadow of a criminal contempt Order and sentence. In the interest of justice, it is necessary that counsel and the Court in this matter have instructions from the Court of Appeals upon the issue of the right of counsel to state his position on the record, which was involved in the said contempt proceedings. (¶ 4)

To put the case in proper perspective, the relevant portions of the transcript must be read and are attached as Appendix A. Within brackets I have noted what in my opinion were at least ten warnings given to Mr. Freedman before he was held in contempt. The Order, Findings and Commit-

ment of Contempt is attached as Appendix B.

## I.

The record demonstrates clearly that Mr. Freedman persistently refused to comply with my ruling that he refrain from stating the reasons for his objections. He had been given full latitude to state his objections and furthermore had an automatic exception to my ruling. See F.R.C.P. 46.

The issue involved in the instant motion to stay is: will Mr. Freedman's clients be prejudiced simply because the case will proceed and he will be obligated to comply with the trial rulings of this court just as all of the other lawyers in this case are similarly obligated? His clients will not be prejudiced if *he* is willing to comply with the rulings of this court. I have not expected in the past, and do not expect in the future, counsel to be subservient, docile, or even civil. I seek neither adulation or obsequiousness, but I will not abdicate from my judicial obligation to preside over the trial and make the prerequisite trial rulings. Trial judges in court, like umpires at home plate, cannot always be right, but rulings they must make. Thus to correct trial errors of substance, there is an orderly appellate process recognized by the judiciary since the memory of man runneth not to the contrary. At the conclusion of the trial, counsel has ample opportunity to file an appeal, challenge rulings—particularly where, as here, he has had an ample opportunity to note his objections. Further, even during the trial counsel has the opportunity to file for a Writ of Mandamus or of Prohi-

bition. But trial counsel cannot be permitted to persistently and deliberately flout the rulings of the trial court, regardless as to how vehemently he may disagree with the ruling. Mr. Freedman is intimately familiar with the appellate process; for even in this case, during and before this trial, he has filed several appeals and petitions for Writ of Mandamus and Prohibition—all of which have been thus far denied.[1] Mr. Freedman's conduct was so egregious that to tolerate it the judicial process would degenerate to whatever might be the personal whims of counsel on any particular day. To grant him the latitude he seeks, one might as well have counsel wear the robes, ascend the bench and then make irrevocable rulings while the trial judge patiently awaits the command of counsel. A court trial is not a process in anarchy to be engineered by trial counsel; rather it is an effort to try the case within the parameters of the historic role where there is always some semblance of order and rationality.

The judgment of criminal contempt was not made precipitously or lightly. I am well aware that the use of a criminal contempt citation is an extraordinary process which should be used with greatest reluctance, and always sparingly. It requires judicial reluctance so that one uses "the least possible power adequate to the end proposed." See generally, *Criminal Law Contempt in the Federal Courts*, 55 F.R.D. 102. *Before* the citation of contempt I cited *U. S. v. Proffitt*, 498 F.2d 1124 (3rd, 1974). For months during this protracted trial I have reflected on Judge Weis's admonition that "The trial judge is called upon to apply an understanding of

---

1. *Commonwealth of Pa. v. Local 542*, 347 F.Supp. 268 (E.D.Pa.1972), aff'd. Docket No. 72–1901 (3d Cir. May 21, 1973); *Commonwealth of Pa. v. Local 542*, 388 F.Supp. 155 (E.D.Pa.1974), Docket No. 74–2281 (3d Cir. Dec. 30, 1974) (denying petition for writ of mandamus); Order (3d Cir. Feb. 25, 1975) (denying petition for stay pending application for certiorari), *cert. den.*, 421 U.S. 999, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975); *Commonwealth of Pa. v. Local 542*, Docket No. 74–1772 (3d Cir. July 27, 1975) (order denying petition for writ

of mandamus and for writ of prohibition), *cert. den.*, 420 U.S. 908, 95 S.Ct. 826, 42 L.Ed.2d 837 (1975); *Commonwealth of Pa. v. Local 542*, Docket No. 76–1290 (3d Cir. March 10, 1976) (order denying motion for stay); Order, (3d Cir. March 12, 1976) (order denying writ of mandamus). *Commonwealth of Pa. v. Local 542*, Docket No. 76–1331 (3d Cir. March 17, 1976) (order denying supplemental petition for writ of mandamus and the supplemental petition for stay).

the defendant's viewpoint, make certain that his rights are not violated, and *strain the outer limits of patience*." 498 F.2d at 1129 (emphasis added) After ten warnings in one hour Mr. Freedman had strained the outer limits of my patience and I submit would have strained the outer limits of patients of any rational judicial official. Thus then it was appropriate to invoke the corollary which Judge Weis also suggested in *Proffitt*: "Nonetheless, the judge must be firm as well as fair because otherwise he is derelict in his duty to properly administer the laws". 498 F.2d 1129.[2]

## II.

■ In less than one hour he was given *ten* chances to start acting like a responsible lawyer rather than an unrestrained protagonist. A week later, on October 5, 1976, he stated:

> I regret the incident on Tuesday. But I must say, Your Honor, that I was correct on my position. If you make an objection, you must, under the law, give the reason for it. If you don't give the reason for it, you waive it. This has been so held by the Supreme Court of the United States and lesser Courts of Appeal.
>
> I must say that I make this statement without any requests or inducement of concession or favor.

From his comments I still do no know whether he regretted my findings or regretted his conduct. If he does not regret his conduct *and* plans to pursue that same lack of decorum he will have no immunity from any further judicial responses which will always be commensurate to the magnitude of the infraction. However, if he refrains from the type of conduct which he displayed on September 28, 1976, neither he nor his clients will have any problems in the orderly litigation of this case. I will not act in a punitive or vindictive fashion to any

party or to any counsel. While I am not interested in Mr. Freedman serving any significant time of incarceration, I expect for him to act like a responsible lawyer. All of the parties here are entitled to a reasonably expeditious trial and that trial should not be delayed any further so that the very counsel who so flagrantly flouted the ruling of the court can further postpone the case.

In *Cox v. State of New Hampshire*, a unanimous Supreme Court stated "Civil liberties, as guaranteed by the Constitution, imply the existence of an organized society maintaining public order without which liberty itself would be lost in the excesses of unrestrained abuses." 312 U.S. 569, 574, 61 S.Ct. 762, 765, 85 L.Ed. 1049 (1941). Similarly, the existence of a court for the adjudication of disputes must be predicated upon some organized system of public order within it.

By this ruling, I am not attempting to restrain one's rational zeal to any cause which he believes is right and just. Lawyers are not precluded from vigorously defending their clients' cause. Less than a decade ago, petitioners, who were holding peaceful protests against racial discrimination in Birmingham, Alabama, were advised by the United States Supreme Court that the rule of law ". . . reflects a belief that in the fair administration of justice *no man can be judge in his own case*, however exalted his station, however righteous his motives, and irrespective of his race, color, politics, or religion." *Walker v. City of Birmingham*, 388 U.S. 307, at 320, 321, 87 S.Ct. 1824, 1832, 18 L.Ed.2d 1210 (emphasis added) Similarly, Mr. Freedman cannot be the judge in his own clients' case, however senior his years or station at the bar and however righteous he might believe his clients cause has been.

Motion for Stay DENIED.

Appendix A to follow.

---

**2.** In a somewhat different context, but nevertheless recognizing that trial judges need not float like a cork on a bubbling sea without any capacity to guide the course of litigation, the U.S. Supreme Court recently said, "But here as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in *appropriate* cases." *Nat. Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747, 751 (1976) (emphasis added) Similarly, the contempt citation here was one of the appropriate cases for such severe judicial action.

APPENDIX A

Transcript, pp. 5220–5229

The "warnings" noted within brackets have been added.

THE COURT: I thought you were going to read a couple more questions. Apparently you are not. I will make my ruling on the basis of Mr. Goodman's objection. I will sustain the objection of a random reading of notes of testimony on the deposition. If you ask the Witness a question, and then if you follow up that question, with a specific reference in the transcript to which you claim there is a contradiction, I will permit it. But it is impossible to focus on a multi-phase series of questions in terms of cross-examination.

MR. FREEDMAN: I object to Your Honor's characterization of my reading a deposition as random.

THE COURT: I made my ruling.

MR. FREEDMAN: I am making my objection to Your Honor's ruling, and I am going to state the reason for my objection. I don't think that Your Honor can stop me from doing that.

[First Warning] THE COURT: I am directing you not to state the basis of your objection. Whatever you have, as a matter of law, as a basis of your objection, you will be the beneficiary of. Now, we will just deter what I think is a irrational cross-examination process. So I have made my ruling.

MR. FREEDMAN: I am afraid I have to give the basis for my objection.

[Second Warning] THE COURT: All right. You may disregard my direction. If you give the basis when I told you not to, I am going to send for the marshal and hold you in contempt.

MR. FREEDMAN: You can send for the marshal right now, because I am going to give the basis for my objection.

[Third Warning] THE COURT: I am directing you, as an officer of this Court to not state the basis of your objection. Whatever basis you have, you will have the benefit of claiming it. And if you disre-gard that, I am going to hold you in contempt.

MR. FREEDMAN: What I have to say, I want to say, not only for Your Honor, but for the Appellate Court if there happens to be a review. I am going to state it.

[Fourth Warning] THE COURT: Just wait a minute. We will take a five-minute recess. I will send for the marshal.

(Brief recess.)

[Fifth Warning] THE COURT: The record will speak for itself.

I have advised Mr. Freedman not to state on the record any further the basis for his objection.

I have advised him—

MR. FREEDMAN: I didn't state any basis for my objection yet.

THE COURT: Mr. Freedman, please permit me to finish. When I am ready to hear from you, I will let you know, and when I am finished I will let you know.

[Sixth Warning] I have advised him to not state as he insisted he would, contrary to my instructions, the basis for his objection to certain rulings I have made. I consider his insistence that he would state the basis, though I have advised him not to, to be a wilful, deliberate act done not isolated in the heat of trial but rather a deliberate, continuous and repeated act which is in violation of the rule issued by this Court and which constitutes the basis of a criminal contempt violation under Rule 42, conduct which takes place in the presence of the judge over which a summary disposition would be appropriate.

I have sent for the Marshals. In 13 years I have never had to hold a lawyer in contempt, and I don't welcome that.

I do not believe that a rule of the Court can be flouted. The issue is whether I am the judge, and the Court will conduct the proceedings or whether it will be done at Mr. Freedman's whim.

[Seventh Warning] Now, I am giving him the last opportunity. I am directing him to not state on the basis of this record

his reasons for his objections on the ruling I have made, and it is up to him.

MR. FREEDMAN: Is Your Honor permitting me to speak now?

THE COURT: I am permitting you to speak, and I have told you what my position is.

MR. FREEDMAN: I deem it my responsibility under the law when I make an objection to give the reason for the objection. I have done this all of my trial life, and I consider it not only my right to do it but my duty to do it.

As I said to Your Honor before, I meant no disrespect in any way, and representing my client's interests I have to do it to the best of my judgment.

I don't intend to be subservient, but I don't intend to be disrespectful and I haven't been disrespectful, and I am doing what the law requires me to do to state the reasons for my objections as I state the objections. If Your Honor doesn't want to hear it, then it is for the benefit of the appellate court.

[*Eighth Warning*] THE COURT: I have told you, Mr. Freedman, that on the issue which we have just discussed that I don't want to hear the reasons for your objections, and I am directing you to proceed to your next question.

[*Ninth Warning*] Now, if you want to state the reasons for your objections, I will consider that to be a violation of my order, a violation of Rule 42, and criminal contempt.

MR. FREEDMAN: Well, as I understand the law and as I understand my legal responsibilities, I must state the reason for my objection in addition to my objection. I think the appellate court has stated—

THE COURT: Mr. Freedman—

MR. FREEDMAN: You said you would give me an opportunity to be heard, Your Honor.

[*Tenth Warning*] THE COURT: So it is clear, Mr. Freedman, I am directing you to proceed to your next question and not to state your reasons for objecting to my last ruling. Now it is your choice.

MR. FREEDMAN: I must state the reasons for my objection, and they are as follows:

This witness has not only contradicted himself but it is an absolute conflict between what he said on the stand here and what he said in his deposition, and that is the reason for my objection. I will read to you the part that I think is an absolute conflict.

To repeat some of the questions at the bottom of page 60:

"Q   Who made that determination?

"A   Which determination?

"Q   That money should be withheld?

"A   The Federal Government.

"Q   Was it because of Local 542's activity?

"A   I can't say that."

That is a direct conflict of what he said from the stand here, and that is my reason.

THE COURT: All right. I consider this to be a wilful violation of my ruling.

I have taken into full consideration the cases in this circuit such as *United States of America v. Profitt [Profitt]*, 498 F.2d 1124; *United States v. Schiffer*, 351 F.2d 91, and the whole series of cases which are discussed here.

I think this is wilful, deliberate misconduct in court, a wilful, deliberate refusal to comply with an order of the Court.

I find that Abraham Freedman is guilty of criminal contempt, and I sentence him to 30 days. I will give him an opportunity, if he desires, to file an appeal on that. Otherwise the Marshals can commit him.

Mr. Freedman, you can do whatever you wish.

MR. FREEDMAN: I have already done it.

THE COURT: I will give you the right to challenge my sentence. I will give you the right to appeal. I think it is a wilful violation, and it is in contempt.

MR. FREEDMAN: Well, I disagree with Your Honor on the law, and I disagree with the other statements that Your Honor made that I was in continuing contempt. I have not been in contempt of this Court at any time.

THE COURT: I find Mr. Freedman in contempt, and I sentence him to 30 days. I will permit him to challenge this in any way he wishes, and if he requests I would not hold him in the custody of the Marshal until he has pursued whatever remedies he desires to pursue in this case. Otherwise, if he doesn't request that, he will be committed forthwith.

MR. FREEDMAN: If I don't request what?

THE COURT: If you are requesting to not be put into the custody of the Marshal I will not put you in the custody of the Marshal as a matter of courtesy, but not as a matter of right.

MR. FREEDMAN: I certainly don't want to be put in the custody of the Marshal or anyone. I don't want to be put under any restraint. I am not withdrawing from anything I said. I think I am right.

THE COURT: Mr. Freedman, you have the choice to take an appeal from my ruling—

MR. FREEDMAN: That's what I will do.

THE COURT: Do you want to go into custody or wait until judgment is entered?

MR. FREEDMAN: Or wait until what?

THE COURT: Wait until judgment is entered. One will be entered in about ten minutes.

MR. FREEDMAN: That's up to Your Honor.

THE COURT: All right. You will go into custody of the Marshal.

---

(Recessed at 2:37 P.M.)

---

(In court, 3:17 P.M.)

(Also Present: Charles Sovel, Esq. for Abraham E. Freedman, Esq.)

THE COURT: Mr. Freedman, would you come to the bar of the court, please.

(Mr. Freedman at bar.)

THE COURT: In accordance with Rule 42 I have made my prerequisite findings, order and commitment of contempt which I sign and give to the Clerk and which I will ask the Clerk to file forthwith and make copies available to Mr. Freedman and the other parties in this case. There is no need for me to read it. It speaks for itself.

Mr. Freedman, I am, under this order, granting you the right to be on your own recognizance to challenge the validity of this order and you may proceed in every way you wish.

This case will be recessed until Tuesday morning.

MR. FREEDMAN: You mean I am released pending appeal?

THE COURT: You are on your own recognizance to challenge the validity of this order and—

MR. SOVEL: Your Honor—

THE COURT: I am sorry. Yes, sir.

MR. SOVEL: If Your Honor please, my name is Charles Sovel. I am here with Mr. Freedman.

MR. FREEDMAN: He is my partner.

THE COURT: I remember Mr. Sovel quite well.

MR. SOVEL: I haven't had—

THE COURT: Of course you haven't. No one had an opportunity to see it. If you have any questions or Mr. Freedman has any questions on this order I will be in chambers and I will be pleased to talk to you or to talk to you and Mr. Freedman, but he is on his own recognizance.

In 13 years I never held a lawyer in contempt. I regret deeply that I was presented with an option for which there was no rational alternative in my view.

So that the order has been signed. He is on his own recognizance.

The order will be entered of record forthwith, and you will get copies.

Appendix B to follow.

APPENDIX B

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ORDER, FINDINGS, AND COMMITMENT OF CONTEMPT

On the afternoon of Tuesday, September 28, 1976, Abraham E. Freedman, Esquire, as counsel for one of the defendants in the above-captioned case was specifically advised to refrain from stating the basis of certain objections on the record. He was advised that if he continued to state the *basis* of the objections, when his objection had already been noted, that he would be held in contempt. He refused to refrain from stating the basis of his objection, but instead continued to state the basis of his objection despite my admonishment. I find that this deliberate conduct constituted contempt in the actual presence of the Court and was in violation of Rule 42 of the Federal Rules of Criminal Procedure. He is sentenced to thirty days. He is granted the right upon the entry of this judgment to be on his own recongizance to challenge the validity of this order.

BY THE COURT:

/s/ A. Leon Higginbotham, J.

Sept. 28, 1976

