COMMONWEALTH OF PENNSYLVA-
NIA, et al.

v.

LOCAL UNION 542, INTERNATIONAL
UNION OF OPERATING
ENGINEERS, et al.

Civ. A. No. 71–2698.

United States District Court,
E.D. Pennsylvania.

Dec. 15, 1982.

Joel M. Ressler, Harrisburg, Pa., for Com. of Pa.

Harold I. Goodman, Philadelphia, Pa., for Raymond Williams, et al.

MEMORANDUM OPINION

BECHTLE, District Judge.

Presently before the Court for approval pursuant to Fed.R.Civ.P. 23(e) is the proposed consent decree governing Stage II damage awards between the plaintiff class and defendants Local 542, International Union of Operating Engineers ("Local 542") and the Joint Apprenticeship Training Committee ("JATC"). Also before the Court is a joint motion for summary dismissal of certain Stage II claims.

In this employment discrimination class action the Court held that defendants Local 542 and the JATC intentionally discriminated against minorities in the operating engineers trade throughout the areas of Eastern Pennsylvania and Delaware in violation of Title VII, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. *Commonwealth of Pennsylvania v. Local Union 542,* 469 F.Supp. 329 (E.D.Pa.1978), *affirmed per curiam,* 648

F.2d 922 (3d Cir.1982).[1]  Stage II, the individual relief phase of this litigation, began on March 24, 1982, with the issuance of Post Decree Order # 50.  That Order directed that Stage II notices and proof of claim forms be provided to all the members of the plaintiff class.  Notices and proof of claim forms were sent by certified mail to all of the potential Stage II claimants at their last-known addresses.  Additionally, newspaper notices were published and toll-free telephone access lines were made available.  As a result of these notification efforts, five hundred ninety-nine (599) claimants have timely responded by filing proof of claim forms with the Clerk of Court.[2]

Following the issuance of the Court's Memorandum Opinion of July 13, 1982, counsel for plaintiffs and counsel for Local 542 and the JATC entered into settlement discussions in an effort to resolve the issues presented by Stage II.  On September 27, 1982, a settlement agreement having been reached, the parties filed a joint proposed consent decree governing Stage II damage awards with respect to Local 542 and the JATC.  On October 5, 1982, a hearing was held on the joint motion for preliminary approval of the proposed consent decree. In Post Decree Order # 58 issued on October 7, 1982, the Court granted the motion for preliminary approval and ordered that notice and copies of the proposed consent decree be sent to all plaintiff class members.  Objections to the proposed consent decree were directed to be filed in writing with the Clerk of Court on or before November 12, 1982.  On November 22, 1982, a hearing was held on the motion for final approval of the proposed consent decree.

Objections by members of the plaintiff class were also heard at that time.

### I.  Joint Motion for Summary Dismissal of Certain Stage II Claims

Before the Court can address the issue of settlement, two preliminary matters must be resolved.  First, class plaintiffs, Local 542 and the JATC have filed an amended joint motion for the summary dismissal of certain Stage II claims which do not meet criteria established by the Court for the recovery of Stage II relief.  Twenty-nine (29) claimants have been identified to be the subject of the joint dismissal motion. *See Report to the Court re Joint Motion for Summary Dismissal,* at 3–4.  Only three of these claimants have filed written objections to the proposed dismissal of their claims.  The Court has reviewed each of these twenty-nine claims individually and finds that none allege facts, either in their proof of claim forms or through submitted objections, which would place them in a category within the definition of the plaintiff class for purposes of Stage II relief. These claims are, therefore, subject to summary dismissal.  Thus, the amended joint motion for the summary dismissal of certain Stage II claims will be granted and the claims will be dismissed.

Second, twenty (20) claimants have filed objections to their categorical designation for purposes of the consent decree.  *See Plaintiffs' Report to the Court re Objections to Categorical Designations for Consent Decree,* at 2–9.  The Court has reviewed each of the objections and is satisfied that all twenty of the claimants were placed in the proper categories for purposes of Stage II relief.

---

**1.** Plaintiffs' claims against the four contractor associations named in the present lawsuit, and the individual contractors who were parties to collective bargaining agreements with Local 542 and who hired at least one operating engineer affiliated with Local 542, are still subject to further proceedings by the Court.  *Commonwealth of Pennsylvania v. Local Union 542,* 469 F.Supp. 329 (E.D.Pa.1972), *affirmed per curiam,* 648 F.2d 923 (3d Cir.1981), *reversed sub nom. General Building Contractors Association v. Pennsylvania,* —— U.S. ——, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982).

**2.** Five hundred sixty-seven (567) claimants responded by filing proof of claim forms with the Clerk of Court.  These were deemed to be timely filed under the Court-established deadline of June 15, 1982.  An additional thirty-two (32) claimants were granted an extension of time within which to file their proof of claim forms because of good cause shown for non-compliance with the June 15 deadline.  Ten (10) claims have been dismissed by the Court for lack of good cause for the late filing of the claim form.

## II. Approval of the Proposed Settlement and Consent Decree

The decision of whether to approve a proposed settlement of a class action under Fed.R.Civ.P. 23(e) is left to the sound discretion of the district court. The accepted standard for approval is that the settlement agreement must be adequate, fair and reasonable. *Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir.1975); *Stotts v. Memphis Fire Department,* 679 F.2d 541, 552 (6th Cir.1982). Nine factors have been cited by the Third Circuit as relevant to the fairness determination:

> " ... (1) the complexity, expense and likely duration of the litigation ...; (2) the reaction of the class to the settlement ...; (3) the stage of the proceedings and the amount of discovery completed ...; (4) the risks of establishing liability ...; (5) the risks of establishing damages ...; (6) the risks of maintaining the class action through the trial ...; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery ...; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation ...."

*Girsh v. Jepson,* 521 F.2d at 157 (quoting *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir.1974)). The Manual for Complex Litigation focuses on four considerations as relevant to the fairness and adequacy of a settlement:

> (1) The most important factor is the strength of the case for plaintiffs on the merits, balanced against the amount offered in the settlement
>
> (2) [T]he defendant's ability to pay
>
> (3) [T]he complexity, length and expense of further litigation
>
> (4) The amount of opposition to the settlement.

Manual for Complex Litigation § 1.46, at 56 (5th ed.1981) (citations omitted). Other relevant considerations include: (1) whether the allocation of the total settlement amount among the members of the class is unreasonable or arbitrary, *see Pettway v.*

*American Cast Iron Pipe Co.,* 576 F.2d 1157, 1217 (5th Cir.1978), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979); and (2) whether there are fair provisions in the settlement for an award of costs and attorney's fees, *see Manual for Complex Litigation, supra,* § 1.46 at 62–63. With the above standards in mind, the Court next turns to an examination of the proposed consent decree at hand.

The consent decree establishes six categories with respect to the individualized claims for Stage II relief. The six categories are defined as follows:

> *Category A* consists of claimants shown by Local 542 or JATC records to have been members or affiliates of Local 542 at any time from the beginning of the liability period to the issuance of the Court's injunctive Judgment and Decree on November 7, 1979.
>
> *Category B* consists of claimants shown by JATC records to have been unsuccessful applicants for the JATC program at any time from the beginning of the liability period to the issuance of the Court's injunctive Judgment and Decree.
>
> *Category C* consists of claimants shown by Local 542 records to have been unsuccessful applicants for registrant status with Local 542 at any time from the beginning of the liability period to the issuance of the Court's injunctive Judgment and Decree.
>
> *Category D* consists of claimants shown by trial exhibits to have been participants in either of the two Benjamin Franklin training programs.
>
> *Category E* consists of (a) claimants whose claim forms allege that they were affiliates in or applicants to Local 542 or the JATC at some time between the beginning of the liability period and the issuance of the Court's injunctive Judgment and Decree, but of whom Local 542 and the JATC have no record; and (b) claimants whose claim forms allege that they would have applied for membership or affiliation at some time between the beginning of the liability period and the Court's issuance of the injunctive Judg-

ment and Decree but for their being discouraged from applying due to the reputations, actions, and/or omissions of Local 542 or the JATC.

*Category F* consists of claimants whose claim form, Local 542 and JATC records and court documents show that they (a) applied for membership or affiliation in the union after issuance of the Court's injunctive Judgment and Decree but before the end of the liability period on September 1, 1980; (b) became members or affiliates during that period; or (c) responded to the Court-ordered notice concerning the prospective injunctive relief available under the Judgment and Decree.

*Proposed Consent Decree and Modification to Proposed Consent Decree,* at 5–6. Of the five hundred ninety-nine claimants, two hundred seven have been confirmed to be members or affiliates of Local 542 during the liability period. These claimants will share in an aggregate award of One Million Dollars ($1,000,000.00). This money will be allocated on the basis of the number of years each claimant was a member or affiliate of Local 542, so long as he was available for referrals for operating engineer employment for at least nine months during each year. Those claimants who were denied admission into Local 542 or the JATC or who were discouraged through racially discriminatory practices from seeking admission into Local 542 or the JATC during the liability period will share in an aggregate award of Five Hundred Thousand Dollars ($500,000.00). The amount received by these claimants, who were denied admission into or discouraged by discriminatory practices from applying with Local 542 or JATC, is dependent upon the category in which the claimant has been placed. Claimants in Category B will each receive a minimum award of Eighteen Hundred Dollars ($1800.00), plus, for claimants attributable to years when minority JATC selections were less than 13.9% of all selections, an additional award of Twenty-Two Hundred Dollars ($2200.00). Claimants in Category C will each receive an award of Four Thousand Dollars ($4,000.00). Claimants in Cat-

egory D are entitled to the larger of (a) an individual award of Four Thousand Dollars ($4,000.00), or (b) the individual award, if any, which is available to the claimant in Categories A through C. Finally, claimants in Category E will each receive an award of One Thousand Dollars ($1,000.00). Thus, using the terms set out in the consent decree, Category A claimants will share in an aggregate award of One Million Dollars ($1,000,000.00) and Category B, C, D and E claimants will share in an aggregate award of Five Hundred Thousand Dollars ($500,000.00). Category F claimants, who fall outside of the limitations period, will benefit from the injunction aspects of this program under the Judgment and Decree.

On the mechanical level, the actual payment of the settlement will be effectuated through installments following final approval of the consent decree. In return for this settlement, plaintiffs will tender individual releases and waive all attorney's fees and costs against Local 542 and the JATC for activities from March, 1980, to August 4, 1982, as well as activities relating to Stage II with respect to Local 542 and the JATC from and after August 4, 1982.

■ The Court finds that the proposed consent decree is adequate, fair and reasonable. First, the monetary relief is substantial and is likely to result in meaningful individual awards. Although it is impossible to calculate with any degree of precision what the classwide recovery would be if Stage II were litigated to conclusion by individual damage hearings, the Court finds that the settlement is adequate, fair and reasonable when compared to the likely recovery. Estimates of the potential recovery fluctuate between two and three million dollars. Nevertheless, the benefits of an immediate settlement are such that the Court concludes that these outweigh any additional monetary gain which may result from proceeding to trial. Second, the financial resources of Local 542 and the JATC are fairly limited. No one would benefit from the financial ruin of these defendants and thus it would be in plaintiffs' best interest to accept the proffered

settlement. Third, the complexity, expense and likely duration of Stage II proceedings would be overly burdensome and very costly. This litigation began in November of 1971 and is yet to be completed. Discovery into the personal and employment histories of each of the individual claimants would be very time consuming and expensive. Individualized hearings would also entail substantial costs. In view of this financial drag factor, a cost-benefit type of analysis indicates that any gain plaintiffs would realize as a result of further proceedings would probably be marginal. Fourth, the reaction to the settlement has been very favorable as evidenced by the limited number of objections which have been submitted to the Court either in writing or orally at the hearing. Moreover, of these, the majority pertained to the categories (Categories A–F) in which certain class members were placed. (*See* Section I, *supra*). The lack of objection is significant in view of the fact that throughout the course of the settlement negotiations, class plaintiffs' counsel were in constant contact with representative members of the claimant class. Fifth, the apportionment equations for the settlement award are fair and reasonable. The formulas worked out in the consent decree strike a proper balance between the concern for equity and the concern for workability in administration. The Court finds that the separate treatment accorded to Benjamin Franklin program members is fair and reasonable because of their central role in the bringing of this action. Sixth, many of the risks of litigation have been avoided by numerous members of the plaintiff class in light of certain defenses which could be asserted by Local 542 and the JATC. For example, certain JATC rejectees might not be entitled to any recovery at all for years in which the JATC can show that there was no shortfall in the number of positions available to minorities. Similarly, certain defenses could be asserted by Local 542 with respect to mitigation or non-availability for referrals. Finally, the full resources available to plaintiff class members as a result of the settlement will be provided to the individual members by

reason of the waiver of attorney's fees and costs. By the waiver of these fees, it is readily apparent that class counsel acted solely in the interests of the class in reaching a settlement. For these reasons, the proposed consent decree will be finally approved by the Court pursuant to Fed.R. Civ.P. 23(e).

III.

In conclusion, the Court will grant the amended joint motion for summary dismissal of certain Stage II claims and the motion for final approval of the proposed consent decree governing Stage II damage awards with respect to Local 542 and the JATC.

An appropriate Order will be entered.

POST DECREE ORDER # 65

AND NOW, TO WIT, this 15th day of December, 1982, for the reasons stated in the Court's Memorandum Opinion issued on this same date, IT IS ORDERED as follows:

1. The motion of individual plaintiffs for the Court's determination of the timeliness of Proof of Claim Form Nos. 607, 608, 609, 610, and 612 is *granted in part* and *denied in part.* Leave is *granted* for the late filing of Proof of Claim Form No. 608 because of good cause shown for the late filing after June 15, 1982. Leave is *denied* for Proof of Claim Form Nos. 607, 609, 610, and 612 because good cause for the late filing of these proof of claim forms has not been shown by the individual claimants and these claims are hereby *dismissed;*

2. The joint motion for summary dismissal of certain Stage II claims is *granted* and Proof of Claim Form Nos. 13, 21, 25, 31, 64, 74, 96, 108, 121, 127, 141, 167, 194, 210, 211, 220, 221, 224, 251, 271, 357, 363, 398, 401, 405, 419, 490, 527, and 566 are *dismissed;*

3. The motion for final approval of the consent decree governing Stage II damage awards with respect to Local 542, International Union of Operating Engineers and the Joint Apprenticeship Training and Safety Committee is hereby *granted* and the consent decree is hereby *approved* by the Court under Fed.R.Civ.P. 23(e).